McGREGOR W. SCOTT
United States Attorney
CATHERINE J. SWANN
Assistant United States Attorney
501 I Street, 10th Floor
Sacramento, California 95814
Telephone: (916) 554-2762
Fax: (916) 554-2900

Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA and STATE OF CALIFORNIA, *ex rel.* REILLY et al., <br><br> Plaintiffs, <br><br> v. <br><br> ADVENTIST HEALTH *et al.*, <br><br> Defendant. | Case No. 1:17-CV-00613 AWI-SKO <br><br> **THE UNITED STATES' STATEMENT OF INTEREST RE MISSTATEMENTS OF DEFINITION IN BRIEFING ON DEFENDANT'S MOTION TO DISMISS** |

The United States respectfully submits this Statement of Interest pursuant to 28 U.S.C. § 517 to provide comments on inaccurate statements in both Defendant Adventist Health's Motion to Dismiss (Motion) and Relators' Opposition thereto (Opposition), collectively referred to herein as the "Subject Briefing." The United States remains a real party in interest in this matter, even though it has not intervened in the action. *United States ex rel. Killingsworth v. Northrop Corp.*, 25 F.3d 715, 720 (9th Cir. 1994). The False Claims Act, 31 U.S.C. §§ 3729-3733, is the United States' primary tool used to redress fraud upon the government. *See Avco Corp. v. U.S. Dep't of Justice*, 884 F.2d 621, 622 (D.C. Cir. 1989) (citing S. Rep. No. 345, 99th Cong., 2d Sess. 2 (1986)).

Accordingly, the United States has a substantial interest in the development and correct application of the law in this area. Hence, we respectfully provide the following Statement of Interest.

The United States submits this Statement regarding the definition used in the Subject Briefing of a key term. Specifically, in referencing the Anti-Kickback Statute, found at 42 U.S.C. § 1320a-7b of the Social Security Act ("AKS"), the Subject Briefing uses a definition from the Civil Monetary Penalties Law, found at 42 U.S.C. § 1320a-7a(5) of the Social Security Act ("CMPL"), to define the term "remuneration." S*ee* Motion at 9:17-23; Opposition at 12:5-6). Such wholesale adoption of this definition is unwarranted.

The AKS broadly prohibits the payment of remuneration in exchange for referrals. The section describing "illegal remunerations" applicable here states:

> (b) Illegal remunerations
> . . .
> (2) Whoever knowingly and willfully offers or pays any remuneration (including any kickback, bribe, or rebate) directly or indirectly, overtly or covertly, in cash or in kind to any person to induce such person [to refer an individual for services reimbursed under a Federal health care program] . . . shall be guilty of a felony . . .

42 U.S.C. § 1320a-7b(b)(2).

Indeed, the AKS distinguishes its own "section" from the CMPL "section" and expressly provides for liability under the False Claims Act. 42 U.S.C. § 1320a-7b(g) (stating: " In addition to the penalties provided for in this section or section 1320a-7a of this title, a claim that includes items or services resulting from a violation of this section constitutes a false or fraudulent claim for purposes of subchapter III of chapter 37 of Title 31"); *United States ex rel. Gough v. Eastwestproto, Inc.*, No. CV 14-465 DMG (SHX), 2018 WL 6929332, at *5 (C.D. Cal. Oct. 24, 2018) ("A claim that includes items or services resulting from a violation of this section constitutes a false or fraudulent claim for the purposes of [the FCA].") (citing 42 U.S.C. § 1320a-7b(g)).

Like the AKS, the CMPL, prohibits the payment of remuneration, but provides only for civil penalties and not for recovery under the False Claims Act. *See* 42 U.S.C. § 1320a-7a(5). The CMPL includes a definitions subsection that defines remuneration as: "transfers of items or services for free or for other than fair market value." 42 U.S.C. § 1320a-7a(i)(6). To start, this subsection is expressly limited to the CMPL section. *See* 42 U.S.C. § 1320a-7a(i)(6) (noting the definitions

The United States' Statement of Interest Re
Misstatements of Definition in Briefing
on Defendant's Motion to Dismiss

2

provided are for: "for purposes of this section").  Then, the Ninth Circuit has noted a considerably broader Congressional intent, stating that "Congress introduced the broad term 'remuneration' . . . to clarify the types of financial arrangements and conduct to be classified as illegal under Medicare and Medicaid. The phrase 'any remuneration' was intended to broaden the reach of the law which previously referred only to kickbacks, bribes, and rebates."  *Hanlester Network v. Shalala,* 51 F.3d 1390, 1398 (9th Cir. 1995) (citation omitted).  Finally, relators allege the AKS and not the CMPL as the basis for False Claims Act liability in this case. *See* First Amended Complaint ("FAC") at ¶¶10, 62, 63.

Based on the forgoing, the United States submits that to limit the definition of remuneration to the CMPL definition of remuneration in this AKS/False Claims Act case is not warranted.  We therefore respectfully ask this Court to decline adoption of this definition.  Other than as described herein, the United States takes no position on the arguments in the Subject Briefing.

DATED: November 19, 2019                           Respectfully submitted,

                                                   McGREGOR W. SCOTT
                                                   United States Attorney
                                                   Eastern District of California

                                       By:    */s/ Catherine J. Swann*_____
                                                   CATHERINE J. SWANN
                                                   Assistant United States Attorney

The United States' Statement of Interest Re
Misstatements of Definition in Briefing
on Defendant's Motion to Dismiss                    3