Patrick McNicholas (SBN 125868)
*pmc@mcnicholaslaw.com*
Jeffrey R. Lamb (SBN 257648)
*jrl@mcnicholaslaw.com*
McNICHOLAS & McNICHOLAS, LLP
10866 Wilshire Blvd., Suite 1400
Los Angeles, California 90024
Tel: (310) 474-1582
Fax: (310) 475-7871

Brian E. Claypool (SBN 134674)
*brian@claypoollawfirm.com*
THE CLAYPOOL LAW FIRM
4 East Holly Street, Suite 201
Pasadena, California 91103
Tel: (626)345-5480
Fax: (626)787-1042
Attorneys for *Relators*

**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA AND STATE OF CALIFORNIA *EX REL.* THOMAS REILLY, GARRETT LEE, KEVIN SCHMIDT, AND TERRY HILLARD,<br><br>Plaintiffs,<br><br>vs.<br><br>ADVENTIST HEALTH; et al.<br><br>Defendants. | CASE NO.: 1:17-CV-00613 AWI-SKO<br><br>**NOTICE OF MOTION AND MOTION FOR ENTRY OF FINAL JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 54(b); REQUEST FOR STAY OF CASE PENDING DETERMINATION ON APPEAL**<br><br>**DATE: November 16, 2020**<br>**TIME: 1:30p.m.**<br>**CTRM: 2** |

PLEASE TAKE NOTICE that on November 16, 2019, 2020 at 1:30 p.m., or as soon thereafter as this matter may be heard before the Honorable Anthony W. Ishii, U.S. District Court Judge, in the above-titled Court, located at 2500 Tulare Street, Fresno, California 93721, Plaintiffs Thomas Reilly, Garrett Lee, Kevin Schmidt, and Terry Hillard, will and hereby

do move this Court for final judgment under Rule 54(b) of the Federal Rules of Civil Procedure based on this Court's Order of May 18, 2020 Granting Defendants Adventist Health, San Joaquin Community Hospital, Robert Beehler, Kurt Hoekendorf, Scott Reiner, and William Brent Soper's Motion to Dismiss Relators' First Amended Complaint, Dkt. # 48.

Because there is no just reason for delay of entry of judgment on Relators' claims for relief under the False Claims Act, 31 U.S.C. §3729(a)(1)(A) et seq., which this Court dismissed as to Defendants Adventist Health, San Joaquin Community Hospital, Robert Beehler, Kurt Hoekendorf, Scott Reiner, and William Brent Soper, Relators' move the Court for entry of final judgment pursuant to Rule 54(b) as to those dismissed parties/claims. In support thereof, Relators' rely on the Memorandum of Points and Authorities below.

## MEMORANDUM IN SUPPORT OF MOTION FOR ENTRY OF FINAL JUDGMENT PURSUANT TO RULE 54(b)

### BACKGROUND

As this Court is well aware, Plaintiffs Thomas Reilly, Garrett Lee, Kevin Schmidt, and Terry Hillard brought this *qui tam* action against Defendants related to what is set forth in the First Amended Complaint, an illegal kickback scheme, in which Defendants Adventist Health and San Joaquin Community Hospital (hereinafter "SJCH") used Premier Management Services Organization (hereinafter "PMSO") to provide discounted and/or unbilled and/or below-fair-market-value management services to Defendant Premier Physician Alliance, Inc. (hereinafter "PPA") in exchange for PPA referring inmate patients from the California Department of Corrections and Rehabilitation (hereinafter "CDCR") to SJCH. See Dkt. No. 8, First Amended Complaint ("FAC").

Defendants Adventist Health, San Joaquin Community Hospital, Robert Beehler, Kurt Hoekendorf, Scott Reiner, and William Brent Soper's filed a Motion to Dismiss the action against based primarily on the argument that Relators failed to state a plausible claim for relief and that Relators' allegations fail to satisfy Federal Rule of Civil Procedure 9(b). They have also argued that there was no scheme and their conduct is entirely lawful. See Dkt. No. 35, Defendants

Adventist Health, San Joaquin Community Hospital, Robert Beehler, Kurt Hoekendorf, Scott Reiner, and William Brent Soper's Motion to Dismiss Relators' First Amended Complaint.

This Court granted the Motion to Dismiss by order of May 18, 2020. See, Dkt. No. 48. The Court reasoned that the claims involving the kickback scheme did not establish remuneration between PMSO and PPA for patient referrals, and further that the facts of the FAC were not sufficient to establish that the management services provided by PMSO were for less than fair market value. The Court also indicated that based on the facts of the FAC, that there was no plausible showing that PPA made referrals of inmate patients to SJCH, which, the Court found was "fatal" to the Relators' FCA Claims to the extent they were based on the PMSO kickback scheme.

The Court then issued an Order Terminating the moving party Defendants after the time to file an Amended Complaint as provided for in the Court's Order on the Motion to Dismiss expired. Thus, the instant motion is now ripe given the claims of the FAC apply to all parties and are inextricably linked given that the allegations are such that the kickback and referral scheme was perpetrated among and between all the named defendants. Given this reality, Relators' respectfully request that this Court enter Judgement Under Rule 54(b) such that Relators' may appeal from that judgment and the allegations of the First Amended Complaint may be addressed by the Ninth Circuit. The Relators' also respectfully request that this Court stay any further substantive proceedings in this matter until such time that the Ninth Circuit can address the issues related to the First Amended Complaint and the Motion to Dismiss.

## ARGUMENT

### I. ENTRY OF FINAL JUDGMENT UNDER RULE 54(b) IS WARRANTED

Rule 54(b) provides that "[w]hen an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." In order to enter judgment under 54(b), the district court must determine that: (1) there are multiple claims or multiple parties; (2) at least one claim or the rights and liabilities of one party have been finally decided; and (3) there is no just reason for any delay in entering

judgment and allowing an appeal. Edison v. United States, No. 1:12-CV-02026-AWI, 2014 WL 896977, at *2 (E.D. Cal. Mar.6, 2014). When determining whether there is no "just reason for delay" a court must "take into account judicial administrative interests as well as the equities involved" and "may consider factors such as whether the claims under review were separable from the others remaining to be adjudicated," thus preserving "the historic federal policy against piecemeal appeals." Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 8 (1980). The court may direct entry of judgment under Rule 54(b) as to one but fewer than all parties or claims only if it has "made specific findings setting forth the reasons for its order." In re Lindsay, 59 F.3d 942, 951 (9th Cir.1995) (internal citations and quotations omitted).

As explained below, the Court's Order of May 18, 2020 dismissing the First Amended Complaint as to Defendants Adventist Health, San Joaquin Community Hospital, Robert Beehler, Kurt Hoekendorf, Scott Reiner, and William Brent Soper satisfies Rule 54(b)'s requirements and there is no just reason to delay appellate review.

**A. There Are Multiple Claims and Parties in This Action**

There are multiple parties who would be affected by a determination by an appellate court as to the issues determined by this Court with respect to the Order of Dismissal entered on May 18, 2020 as to the allegations of the First Amended Complaint. For instance, Defendant Paul Griffin filed an answer. This Court has issued a subsequent order to show cause as to why Defendant Griffin's First Amended Complaint as to Defendant Griffin should not also be terminated based Docket Entry No. 48 which was the Order of Dismissal. Further, there are additional parties to whom the allegations are identical, but who have not yet appeared in the action. Specifically, Premier Physician Alliance, Inc., Raymond Zurcher, and Donald Conforth who have not yet been served and/or were unable to be served as of yet.[1] This Court's Order of Dismissal of May 18, 2020, addresses the allegations against all of the named defendants but only on behalf of that group which brought the motion, and the granting of the instant Motion and the imposition of a stay

---

[1] For instance, Defendant Zurcher is in Saudi Arabia and at least for now appears to be outside of the jurisdiction for which service can be affected.

during the pendency of an appeal is in the interests of justice and judicial economy.

**B. The Court's Adjudication of Relators' Claims As To the Defendants who brought the Motion To Dismiss Are Final**

When determining whether to enter judgment under Rule 54(b), "[a] district court must" first determine that it is dealing with a "final 'judgment.'" Curtiss-Wright, *supra*, 446 U.S. at 7 (citation omitted). "A Rule 54(b) judgment may be entered if an adjudication is a final decision which disposes of an individual claim on the merits and leaves nothing for the court to do but execute the judgment." Jarritos, Inc. v. Los Jarritos, No. C 05-03820 JSW, 2007 WL 1795726, *1 (N.D. Cal. June 20, 2007) (entering judgment under Rule 54(b) of order granting defendants' motion for summary judgment even though summary judgment order did not resolve defendants' counterclaims for declaratory relief).

In its Order of May 18, 2020 and subsequent parital termination Order of June 30, 2020, this Court determined and Ordered that the claims of the Relators' under the False Claims Act and as to the remaining causes of action of the First Amended Compliant were insufficient and were dismissed. Dkt. No. 48 and 49.

**C. There Is No Just Reason To Delay Entry of Final Judgement as to Defendants Adventist Health, San Joaquin Community Hospital, Robert Beehler, Kurt Hoekendorf, Scott Reiner, and William Brent Soper**

Entry of judgment under Rule 54(b) "is proper if it will aid 'expeditious decision' of the case." Texaco, Inc. v. Ponsoldt, 939 F.2d 794, 797 (9th Cir. 1991) (quoting Sheehan v. Atlanta Int'l Ins. Co.,812 F.2d 465, 468 (9th Cir.1987)). Rule 54(b) was amended in 1961 to allow entry of judgment in multiparty litigation in order to mitigate the hardship to individual litigants in having to wait until the completion of the litigation. E.g., In re Uranium Antitrust Litigation, 473 F. Supp. 382, 389 (N.D. Ill. 1979) (the amendment was designed to "strike a balance between premature decision-making and the pragmatic needs of the litigants in complex multiple-party actions").

If judgment is not entered under Rule 54(b), it will likely be a substantial period of time before the case is completed and may be appealed.

Moreover, if this Court directs entry of judgment as requested herein, the Relators' will

seek appellate relief that the allegations of their First Amended Complaint were in fact detailed and sufficient to overcome a Rule 12(b) Motion, and would then be able, upon successful appeal, to come back to the District Court and address these issues with all Defendants instead of in a piecemeal and/or further drawn out fashion.

Therefore, there is no just reason to delay entry of final judgment under Rule 54(b).

## CONCLUSION

For the foregoing reasons, Relators' respectfully requests that this Court enter final judgment with respect to Defendants Adventist Health, San Joaquin Community Hospital, Robert Beehler, Kurt Hoekendorf, Scott Reiner, and William Brent Soper and stay the action pending the outcome of an appeal as to the 54(b) judgment.

Dated: October 15, 2020

/S/ JEFFREY R. LAMB
PATRICK MCNICHOLAS
BRIAN CLAYPOOL
JEFFREY R. LAMB
Attorney for PLAINTIFFS