1

2

3

4                    **UNITED STATES DISTRICT COURT**

5                    **EASTERN DISTRICT OF CALIFORNIA**

6

7

8   UNITED STATES and the STATE OF          CASE NO. 1:17-CV-00613-AWI-SKO
    CALIFORNIA, *ex rel.* THOMAS REILLY,
9   GARRETT LEE, KEVIN SCHMIDT, AND          **ORDER DENYING MOTION FOR**
    TERRY HILLIARD,                          **ENTRY OF JUDGMENT AND**
10                                           **REQUEST FOR STAY; CLOSING CASE**
                        Plaintiffs,
11
    v.
12
    ADVENTIST HEALTH, *et al.*,              (Doc. No. 52)
13
                        Defendants.
14

15

16

17

18

19

20          The First Amended Complaint ("1AC") was filed by the Relators[1] in this *qui tam* action on

21  August 23, 2017 against Adventist Health, San Joaquin Community Hospital ("SJCH"), Premier

22  Physician Alliance, Inc. ("PPA"), and seven individual defendants—Raymond Zurcher, Donald

23  Cornforth, Kurt Hoekendorf, Paul Griffin, William Brent Soper, Scott Reiner and Robert Beehler

24  (together, the "Individual Defendants")—for alleged violations of the federal False Claims Act,

25  the California False Claims Act and other state and federal law.[2] Doc. No. 8.

26

27  _____

28  [1] Thomas Reilly, Garrett Lee, Kevin Schmidt, and Terry Hilliard.
    [2] The 10 defendants named in the 1AC are collectively referred to herein as "Defendants."

Following the filing of the 1AC, both the United States and the State of California declined to intervene. Doc. Nos. 10 and 17. The case was stayed briefly and remained under seal until July 3, 2019. Doc. No. 24.

On September 19, 2019, Griffin answered the 1AC. Doc. No. 34. On October 8, 2019, Adventist Health, SJCH and four of the Individual Defendants—Beehler, Hoekendorf, Reiner and Soper—(collectively, the "Moving Defendants") brought a motion to dismiss the 1AC, Doc. No. 35, and on November 15, 2019, Griffin filed a notice of joinder in that motion. See Doc. No. 41.

On May 18, 2020, the Court issued an order (the "May 18, 2020 Order") striking Griffin's joinder, dismissing claims against the Moving Defendants in their entirety, and granting Relators 21 days from the date of electronic service of the order to file a Second Amended Complaint ("2AC") as to two counts. Doc. No. 48. The order further stated:

> If Relators fail to file a Second Amended Complaint within 21 days from the date of electronic service of this Order, leave to amend will be withdrawn and Adventist Health, San Joaquin Community Hospital, Robert Beehler, Kurt Hoekendorf, Scott Reiner and William Brent Soper will be terminated as defendants in this action without prior notice to the parties.

Doc. No. 48 at 18:27-19:3.[3]

More than 21 days passed from the date of electronic service of the May 18, 2020 Order with no filing or other action on the part of the Relators. Accordingly, the Court issued an order on June 30, 2020 ("June 30, 2020 Order") withdrawing leave to amend the 1AC and terminating the Moving Defendants from this action. Doc. No. 49.

In the June 30, 2020 Order, the Court also stated that the rationale for dismissing the Relators' claims as to the Moving Defendants appeared to apply with equal force to Griffin, PPA, Zurcher and Cornforth, and raised the question of whether PPA, Zurcher or Cornforth had been properly served. Doc. No. 49. Thus, the Court ordered Relators to show cause in writing as to: (i) why claims against Griffin should not be dismissed based on the analysis set forth in the May 18, 2020 Order; (ii) why claims against PPA, Zurcher and Cornforth should not be dismissed for lack

---

[3] Unless otherwise indicated, page citations are to the ECF page numbers stamped at the top of documents filed with the Court.

of timely service under Rule 4(m) of the Federal Rules of Civil Procedure;[4] and (iii) to the extent adequate showings as to service were made, why dismissal of the claims against PPA, Zurcher and Cornforth was not warranted for the reasons the Court relied on in dismissing the claims against the Moving Defendants in the May 18, 2020 Order. Id. In addition, the Court ordered that failure to make these showings in the specified timeframe would result in the dismissal of all remaining claims with prejudice and closure of the case without further notice to the parties. Id.

Relators have not made any attempt to show cause why the case should continue with respect to Griffin, PPA, Zurcher or Cornforth in the 10-day period allowed by the Court, but have now filed a motion for entry of judgment under Rule 54(b)[5] in favor of Adventist Health, SJCH, Beehler, Hoekendorf, Reiner and Soper and a request to stay the action as to Griffin, PPA, Zurcher and Cornforth pending appeal. Doc. No. 52.

Relators argue, in essence, that such action is warranted because the claims against the four Defendants who are still in this case—Griffin, PPA, Zurcher and Cornforth—are the same as the dismissed claims against the Moving Defendants and that appellate review following entry of judgment in favor of the Moving Defendants would therefore be applicable to all Defendants. Doc. No. 52. In other words, Relators hope to come back to this Court "upon successful appeal" and address claims against all Defendants concurrently, "instead of in a piecemeal and/or further drawn out fashion." Id.

Relators chose not to amend the 1AC and ignored the Court's order to show cause why claims against the remaining Defendants should not be dismissed. Further, they have now confirmed the two theories underlying the order to show cause portion of the June 30, 2020 Order—that the claims against all Defendants are predicated on "identical" allegations and that, more than three years into this litigation, several Defendants have still not been served. Doc. No. 52 at 4:20-23. As such, the Court cannot credit Relators' claim that they are acting "in the interests

---

[4] Unless otherwise indicated, "Rule," as used herein, refers to the Federal Rules of Civil Procedure.
[5] Rule 54(b) provides that "[w]hen an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."

1   of justice and judicial economy" by seeking to keep Griffin, PPA, Zurcher and Cornforth in the

2   case while pursuing appeal as to the other Defendants. They are obviously attempting an end run

3   around the June 30, 2020 Order, and the Court sees no reason to indulge them. The Court laid out

4   in plain terms what would happen if Relators failed to justify their claims against the remaining

5   Defendants following the May 18, 2020 Order and has given Relators more than ample time to

6   perform. There is no cause to revisit the substance of the June 30, 2020 Order here.

7                                                    **<u>ORDER</u>**

8          Accordingly, IT IS HEREBY ORDERED that:

9   1.     Relators' motion for entry of judgment (Doc. No. 52) is DENIED;

10  2.     Relators' request for stay (Doc. No. 52) is DENIED;

11  3.     All claims against Paul Griffin are DISMISSED WITH PREJUDICE pursuant to

12         Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim;

13  4.     All claims against Premier Physician Alliance, Inc., Raymond Zurcher and Donald

14         Cornforth are DISMISSED WITH PREJUDICE pursuant to Rule 4(m) of the

15         Federal Rules of Civil Procedure for lack of timely service;

16  5.     The November 16, 2020 hearing date for Relators' motion for entry of judgment

17         and request for stay (Doc. No. 52) is VACATED;

18  6.     The Clerk is respectfully directed to CLOSE this case.

19

20  IT IS SO ORDERED.

21  Dated:   October 20, 2020          _____

22                                          SENIOR  DISTRICT  JUDGE

23

24

25

26

27

28

                                                    4